## AHMED A. DADI ET AL. *v.* CUGINOS II RESTAURANT ET AL.
### (AC 22919)

Dranginis, Bishop and Hennessy, Js.

Argued May 28—officially released July 29, 2003

---

*Ahmed A. Dadi*, pro se, for the appellant (named plaintiff).

*Thomas T. Lonardo*, for the appellees (defendants).

*Opinion*

PER CURIAM. In this twelve count breach of contract action, the plaintiffs, Ahmed A. Dadi, doing business as Total Design/Dadi Associates (Dadi),[1] and his firm, Total Development and Construction, LLC (Total Development), brought an action against the defendants, Cuginos II Restaurant, Sarajevo 84, LLC, and Skender Cirikovic, individually, for damages arising out of the defendants' nonpayment for design and construction management services rendered by the plaintiffs in the reconstruction and renovation of a building in Newington. In response, the defendants filed a five count counterclaim, alleging, in essence, that Dadi had stolen funds given to him by Cirikovic for the purpose of paying a project subcontractor and that the plaintiffs were negligent in their performance of the project activities.

The issues were tried to the court, which rendered judgment for Dadi in the amount of $8895 on the basis of unjust enrichment and for Total Development in the

---

[1] At oral argument in this court, Dadi acknowledged that he is a pro se party and not an attorney authorized to practice in Connecticut. On that basis, Dadi was permitted to argue on his behalf, but not on behalf of the other plaintiffs. When informed of that limitation, Dadi indicated that because his interests and those of the other plaintiffs were identical, he was prepared to go forward with argument.

amount of $10,874 on the basis of breach of contract. The court rendered judgment for the defendants on all other counts of the complaint. In response to the counterclaims, the court rendered judgment for Cuginos II Restaurant and Sarajevo 84, LLC, in the amount of $60,710, which included treble damages pursuant to General Statutes § 52-564, together with prejudgment interest on the first count of the counterclaim, which alleged wrongful retention of funds advanced by the defendants to the plaintiffs for payment to a subcontractor, and the sum of $1 as nominal damages on count four of the counterclaim, which alleged a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. Thereafter, the court held a hearing pursuant to the attorney's fees provisions of CUTPA and awarded $3000 in attorney's fees to Cuginos II Restaurant and Sarajevo 84, LLC, on count four of their counterclaim. This appeal followed.

Our review of the briefs and oral argument leads us to the conclusion that the arguments advanced by Dadi on appeal consist, in their entirety, of no more than an assault on the factual determinations made by the court. Additionally, our review of the record reveals that the court's factual determinations were not clearly erroneous, and that its orders were consistent with and flowed from its factual findings.[2]

The judgment is affirmed.

---

[2] "The standard of review with respect to a court's findings of fact is the clearly erroneous standard. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . ." (Internal quotation marks omitted.) *Santa Fuel, Inc.* v. *Varga*, 77 Conn. App. 474, 488–89, 823 A.2d 1249 (2003).